UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GERALD E. REED, IV,

    Plaintiff,

v.     Case No:   6:19-cv-1751-RBD-LHP

COSTA DEL MAR, INC.,

    Defendant

## ORDER

Before the Court is Defendant's Agreed Motion to Seal and Memorandum of Law in Support of Sealing.  Doc. No. 145.  Plaintiff does not oppose.  *Id.* at 5.  On review, the motion will be **DENIED without prejudice**.

A party seeking to file a document under seal must address the applicable requirements set forth in Local Rule 1.11.  The moving party must also satisfy the Eleventh Circuit's standard concerning the public's common law interest and right of access to inspect and copy judicial records.  *See, e.g.*, *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311–12 (11th Cir. 2001); *United States v. Rosenthal*, 763 F.2d 1291 (11th Cir. 1985).[1]  "'[T]here is a presumptive right of public

---

[1] "The right of access creates a rebuttable presumption in favor of openness of court

access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith.'"  *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164 (3d Cir. 1993)).

Here, Defendant seeks to file under seal two attachments to a *Daubert* motion, to include the deposition transcript of Plaintiff's damages expert Joseph Galanti, Mr. Galanti's expert report, and exhibits related thereto.  Doc. No. 145, at 1.  *See also* Doc. No. 144.  In support, Defendant states that these exhibits contain its confidential information, to include "calculations using confidential and proprietary Costa financial data," "extensive confidential financial data produced by Costa during discovery," and "financial and confidential information concerning Costa's repair program, and repair prices paid by putative class members."  *Id.* at

---

records," *Gubarev v. Buzzfeed, Inc.*, 365 F. Supp. 3d 1250, 1256 (S.D. Fla. 2019), which "may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential.  Whether good cause exists is decided by the nature and character of the information in question." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (internal quotations and alterations omitted).  Courts conducting a "good cause" balancing test consider, among other factors: (1) whether allowing access would impair court functions or harm legitimate privacy interests, (2) the degree of and likelihood of injury if made public, (3) the reliability of the information, (4) whether there will be an opportunity to respond to the information, (5) whether the information concerns public officials or public concerns, (6) the availability of a less onerous alternative to sealing the documents, (7) whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage, (8) whether access is likely to promote public understanding of historically significant events, and (9) whether the press has already been permitted substantial access to the contents of the records.  *Gubarev*, 365 F. Supp. 3d at 1256 (citing *Romero*, 480 F.3d at 1246; *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983)).

1–2, 3. Defendant also states that the materials were designated as "confidential" pursuant to the parties' confidentiality agreement, and that the "confidential" designation is the reason sealing is necessary. *Id.* at 2, 3. Defendant provides no further explanation, nor legal authority supporting sealing the entirety of these exhibits, instead simply stating that redaction would be "useless" because the exhibits "almost exclusively relate to confidential Costa business data." *Id.* at 3.

Upon consideration, the Court finds the motion insufficient to support sealing the exhibits in support of a *Daubert* motion. For one, the parties' confidentiality agreement alone does not authorize filing documents under seal. *See* Local Rule 1.11(a). For another, Defendant's explanation as to why these exhibits would properly be sealed is otherwise conclusory and unsupported. *See, e.g.*, *Rodriguez v. Magic Burgers, LLC*, No. 6:19-cv-1656-CEM-LRH, 2021 WL 3017528, at *2 (M.D. Fla. Mar. 24, 2021) (denying motion to seal in relation to summary judgment, stating: "The Defendant's conclusory statement that the documents at issue contain proprietary information, trade secrets, and are subject to protection under the parties' confidentiality agreement falls short of rebutting the presumption in favor of openness."); *Allstate Ins. Co. v. Auto Glass Am., LLC*, No. 6:18-cv-2184-Orl-41LRH, 2020 WL 6870755, at *3 (M.D. Fla. Oct. 22, 2020) (denying motion to seal summary judgment and *Daubert* materials for failure to demonstrate that the materials were subject to confidential treatment under governing law).

Accordingly, the motion (Doc. No. 145) is **DENIED without prejudice** to refiling to address these issues and to provide legal authority supporting the request.  It is **ORDERED** that on or before **December 8, 2025**, Defendant shall either file a renewed motion to seal in full compliance with this Order, or file the exhibits at issue on the public docket.

**DONE** and **ORDERED** in Orlando, Florida on December 1, 2025.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record