# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

GERALD E. REED, IV,

        Plaintiff,

v.                                                                    Case No:   6:19-cv-1751-RBD-LHP

COSTA DEL MAR, INC.,

        Defendant

_____

## ORDER

Before the Court is Defendant's Motion to Seal and Incorporated Memorandum of Law in Support of Sealing. Doc. No. 157. By the motion, Defendant seeks to have filed under seal exhibits to Plaintiff's response in opposition to Defendant's *Daubert* motion to exclude Plaintiff's expert, Joseph Galanti. Doc. No. 150; *see also* Doc. Nos. 144, 156. The exhibits include Galanti's report, Attachment 8 to Galanti's report, Galanti's deposition transcript, and a report from Defendant's expert, Michael J. Moore. Doc. No. 157, at 1. Plaintiff opposes. Doc. No. 159.

A party seeking to file a document under seal must address the applicable requirements set forth in Local Rule 1.11. The moving party must also satisfy the

Eleventh Circuit's standard concerning the public's common law interest and right of access to inspect and copy judicial records.   *See, e.g., Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311–12 (11th Cir. 2001); *United States v. Rosenthal*, 763 F.2d 1291 (11th Cir. 1985).   "The right of access creates a rebuttable presumption in favor of openness of court records," *Gubarev v. Buzzfeed, Inc.*, 365 F. Supp. 3d 1250, 1256 (S.D. Fla. 2019), which "may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential.   Whether good cause exists is decided by the nature and character of the information in question." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (internal quotations and alterations omitted).[1]

"Courts draw a distinction between documents filed with discovery motions and documents filed in connection with other types of motions." *NXP B.V. v. Blackberry Ltd.*, No. 6:12-cv-498-Orl-YK-TBS, 2014 WL 12622459, at *2 (M.D. Fla. Mar.

---

[1] Courts conducting a "good cause" balancing test consider, among other factors: (1) whether allowing access would impair court functions or harm legitimate privacy interests, (2) the degree of and likelihood of injury if made public, (3) the reliability of the information, (4) whether there will be an opportunity to respond to the information, (5) whether the information concerns public officials or public concerns, (6) the availability of a less onerous alternative to sealing the documents, (7) whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage, (8) whether access is likely to promote public understanding of historically significant events, and (9) whether the press has already been permitted substantial access to the contents of the records.   *Gubarev*, 365 F. Supp. 3d at 1256 (citing *Romero*, 480 F.3d at 1246; *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983)).

17, 2014).   "'[T]here is a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith.'"   *Romero*, 480 F.3d at 1246 (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164 (3d Cir. 1993)).   Therefore, "material filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right."   *Chicago Trib. Co.*, 263 F.3d at 1312.   "Stated another way, although there is no common law right to obtain discovery material, a party that submits documents in connection with a motion for summary judgment puts the information into the public domain and triggers greater public right of access."   *Regions Bank v. Kaplan*, No. 8:16-cv-2867-T-23AAS, 2017 WL 11025768, at *2 (M.D. Fla. Dec. 11, 2017) (citing *Alvey v. Gualtieri*, No. 8:15-cv-1861-T-33MAP, 2016 WL 4129273, at *2 (M.D. Fla. Aug. 3, 2016)).

Here, Defendant says that each of the exhibits at issue that Plaintiff wishes to file with his response include Defendant's internal confidential business information, none of which has been made publicly available, such that the documents include: "financial calculations, charts and diagrams reflecting internal volumes of repairs as well as costs of repairs . . . confidential Costa business data and pricing . . . [and] charts and calculations as well as spreadsheets concerning specific customer repairs and prices charged."   Doc. No. 157, at 3; *see also id.* at 6.

Defendant further states that "[t]his includes information concerning not only the pricing Costa charged for various types of repairs but also includes internal discussions of Costa's quality and defect rates compare to that of competitors," and "[s]uch information can harm a company like Costa if not sealed as it would give Costa competitors insight into Costa's business and marketing strategies." *Id.* at 5–6.

Upon consideration, given the representations in Defendant's motion regarding the confidential nature of the information at issue in the documents, and despite Plaintiff's opposition,[2] the Court finds that Defendant has carried its burden of demonstrating good cause to support sealing at this juncture. *See, e.g.*, *Loc. Access, LLC v. Peerless Network, Inc.*, No. 6:17-cv-236-WWB-EJK, 2022 WL 17586031, at *3 (M.D. Fla. Dec. 12, 2022) ("Courts in this District have recognized that maintaining the privacy of confidential business information can constitute good cause for keeping documents from the public view." (collecting cases)); *ESR*

---

[2] In response, Plaintiff essentially argues that the documents should not be sealed because Defendant's explanation is too conclusory. Doc No. 159, at 3. But the Court finds that Defendant has provided sufficient information at this stage of the case. Plaintiff also says that Defendant failed to comply with the time limitations for a motion to seal as set forth in the parties' confidentiality agreement. *Id.* at 2. The Court finds this argument unpersuasive, however, because a confidentiality agreement cannot govern whether a court seals a document (*see* Local Rule 1.11(a)), and Plaintiff does not submit a copy of the parties' confidentiality agreement with the response. Finally, Plaintiff takes issue with Defendant's "suggestion that Plaintiff is taking an inconsistent position with respect to the subject documents." *Id.* Addressing this issue is not pertinent to the resolution of this motion, though, and the Court need not further address it.

*Performance Corp. v. JVMAX, Inc.*, No. 6:18-cv-1601-Orl-78GJK, 2019 WL 13082968, at *3 (M.D. Fla. Aug. 20, 2019) (permitting summary judgment and *Daubert* filings under seal where the documents contained "confidential and proprietary business information including sales figures and intellectual property"); *Advice Interactive Grp., LLC v. Web.com Grp., Inc.*, No. 3:17-cv-801-J-39MCR, 2018 WL 3609861, at *2 (M.D. Fla. July 26, 2018) (permitting summary judgment and *Daubert* filings to be sealed, which included "internal business decisions, financial information, and confidential product information").[3]   Of course, upon consideration, the Presiding District Judge may determine that one or more of the exhibits may not be properly subject to sealing.   And this Order does not speak to sealing these exhibits at a later stage of the case, including trial.

Accordingly, Defendant's motion (Doc. No. 157) is **GRANTED**, to the extent the Court will permit the exhibits at issue to be filed under seal in support of Plaintiff's response (Doc. No. 150) to Defendant's *Daubert* motion (Doc. No. 144). Within **seven (7) days** of the date of this Order, Defendant shall separately file the exhibits under seal with the Clerk of Court.   Absent further order of the Court

---

[3] The Court notes in support of its *Daubert* motion, Defendant has already filed two of the exhibits at issue on the public docket, Galanti's report in redacted form and excerpts of Galanti's deposition.   *See* Doc. No. 147.   But it appears from the parties' filings that Plaintiff wishes to file full and unredacted versions of these documents with his response to Defendant's motion, necessitating sealing.   Doc. Nos. 157, 159.

unsealing the documents, this seal shall not extend beyond **ninety (90) days** after

the case is closed and all appeals exhausted.    *See* Local Rule 1.11(e).

  **DONE** and **ORDERED** in Orlando, Florida on January 27, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record